```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONALD WILLIAMS,

                    Plaintiff,                              REPORT & RECOMMENDATION
                                                            06 CV 5473 (NGG)(LB)
        - against -

THE NEW YORK CITY HOUSING
AUTHORITY and UNITEC ELEVATOR CO.,

                    Defendants.
-----------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action against the New York City Housing Authority ("NYCHA") and its contractor, Unitec Elevator Company, alleging that defendants violated his rights under 12 U.S.C. §1701u(c). On December 3, 2008, the Court dismissed plaintiff's claims against both defendants. The Court held that NYCHA was entitled to recover reasonable attorney's fees against plaintiff as he had been warned that his claims were groundless. See Williams v. N.Y. City Hous. Auth., No. 06-cv-5473, 2008 U.S. Dist. LEXIS 98305, *10-*11 (E.D.N.Y. Dec. 3, 2008)("Although fees are regularly awarded to prevailing plaintiffs, 'a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'")(citing Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006)).

Thereafter, NYCHA moved for an award of attorney's fees, (document 44), and Judge Garaufis referred the matter to me for a Report and Recommendation regarding the amount of fees that should be awarded, (document 36). For the following reasons, it is respectfully recommended that NYCHA should be awarded attorney's fees in the amount of $3,625.

1

# DISCUSSION

The amount of attorney's fees to award a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Blum v. Stenson, 465 U.S. 886, 896 (1984)("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). "[A] reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The Court should also consider the following factors in determining the reasonable hourly rate, and in deciding whether further adjustment is required:

> "[T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation."

Id. at 184.

The burden is on the party moving for attorney's fees to show evidence of the hours spent and to justify the hourly rate sought. Hensley, 461 U.S. at 437; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007). Counsel justifies his fee application by submitting detailed time records and documentation "concerning the credentials or experience of counsel," Fuchs v. Tara Gen. Contr., Inc., No. CV 06-1282, 2009 U.S. Dist. LEXIS 102286 at *3, *6 (E.D.N.Y. Nov. 3, 2009).

Defendant NYCHA seeks attorney fees in the amount of $5,437.50. Defendant's figure is based on 14.5 hours of time spent litigating the "Section 3"[1] issues in this case – the only portion of plaintiff's complaint for which attorney's fees were granted. See document 34. Defendants attach detailed time records.[2]

To calculate the total award, defendant proposes an hourly rate of $375. In support of this rate, defendant's counsel argues that when this case began, she had over eighteen years of litigation experience. More than eight of those years were spent litigating cases for NYCHA (which employs approximately eighty-six attorneys) where she was eventually promoted to Chief of the General Litigation Division. The proposed hourly figure falls within what defendant cites as the range of hourly rates charged by partners or experienced associates at similarly sized law firms: $300 - $450 an hour. However, all of the cases cited by defendant were litigated in the Southern District, not in the Eastern District where the hourly rates are "substantially lower." Simmons, 575 F.3d at 172. "[I]n order to receive an attorney's fee award based on higher out-of-district rates, a litigant must overcome a presumption in favor of the

---

[1] Section 1701u(c) of Title 12 of the United States Code was first promulgated as Section 3 of the Housing and Urban Development Act of 1968, Pub. L. No. 90-448, 82 Stat. 476 (1968).
[2] One of plaintiff's three claims does not implicate Section 3. Where defendant spent time defending all three of plaintiff's claims simultaneously, only two-thirds of such time was applied towards the 14.5 hour total.

forum rule, by persuasively establishing that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." Id. "A litigant cannot overcome the presumption through mere proximity of the districts . . . ." Id. at 176.

Defendant has not met its burden in this regard. The Court cannot conclude, nor does defendant argue, that this case involved matters so unique or complex as to require "special expertise beyond the competence of [forum district] law firms," Arbor Hill, 522 F.3d at 190. Nor does defendant demonstrate that counsel based in the Southern District would likely lead to a better result. The presumptively reasonable fee must therefore be calculated based on the prevailing rate in the Eastern District.

"Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007); see also Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 726 (E.D.N.Y. 2009)(finding a $250 hourly rate for a partner to be reasonable); Lynch v. Town of Southampton, 492 F. Supp. 2d 197, 212 (E.D.N.Y. 2007)(same); Comm'n Express Nat'l, Inc. v. Rikhy, 2006 U.S. Dist. LEXIS 8716 (E.D.N.Y. Feb. 16, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates.")(collecting cases); Rotella v. Bd. of Educ., No. CV 01-0434 (NGG), 2002 U.S. Dist. LEXIS 507 (E.D.N.Y. Jan. 17, 2002)("[T]he prevalent market rate in this district is in the range of $200 to $250 for partners and between $100 to $200 for junior and senior associates.").

4

Based on the prevailing hourly rate in the Eastern District, the award of attorney's fees in this case should be assessed at the presumptively reasonable fee of $250 per hour, instead of the $375 hourly rate proposed by defendant. Multiplying this rate by the 14.5 litigation hours charged by defendant, the total is $3,625.

Plaintiff's opposition argues that attorney's fees should not be awarded because he has "not worked for a period of time (a year and a half) . . . [and] resides in a low income housing development."[3] (Document 43.)

"[W]hen a court awards defendant's attorney's fees, it must take into account the financial circumstances of the plaintiff." Sassower v. Field, 973 F.2d 75, 81 (2d Cir. 1992); see also Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)("[F]ee awards are at bottom an equitable matter, [and] courts should not hesitate to take the relative wealth of the parties into account.") (citations omitted). However, the Court must also ensure it preserves the goal of fee-shifting under 42 U.S.C. §1988 to deter frivolous litigation. See Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1029 (2d Cir. 1979)(Courts should consider whether "a lesser sum assessed would [fulfill] the statute's deterrent purpose without subjecting [plaintiff] to financial ruin."); see also Tancredi v. Metro. Life Ins. Co., No. 00 Civ. 5780, 2003 U.S. Dist. LEXIS 17743 (S.D.N.Y. Oct. 7, 2003)("[T]he amount of the award must be sufficient to serve this purpose without being so harsh as to deter a potential plaintiff from bringing a close but not frivolous case.").

Plaintiff has filed thirteen actions in this Court specifically seeking relief under Section

---

[3] Plaintiff's opposition also raises arguments which go to the merits of his underlying claim, and which object to the Order granting defendant NYCHA's motion for attorney's fees. These matters were addressed by the Court's December 3, 2008 Memorandum and Order and will not be considered here. See document 34.

3, for which he has paid a total of $2,800 in filing fees.[4] Although plaintiff's alleges financial distress, he has managed to pay the filing fees to commence these cases. Further, a number of these filing were made after, and despite, the explicit holding by this Court that he had failed to show that a private right of action under Section 3 exists. Williams v. United States HUD, No. 04-CV-3488, 2006 U.S. Dist. LEXIS 62661 (E.D.N.Y. Sept. 1, 2006). Plaintiff did not appeal this holding, nor did he provide further arguments in successive filings that a private right of action exists under the statute. See document 34 at 6-7. Therefore, although a reduction in the award may be warranted to avoid financial hardship, plaintiff's persistent and willful filing of frivolous claims militates against a reduction.

## CONCLUSION

Accordingly, the Court respectfully recommends that defendant NYCHA should be awarded attorney's fees in the amount of $3,625.

---

[4] See Williams v. Selectric Elec. Contracting, 02 CV 1534(NGG)(LB)(fee waived); Williams v. Zaffuto, 02 CV 1535(NGG)(LB)(fee waived); Williams v. M.I. Elec. Inc., 02 CV 1832(NGG)(LB)(fee waived); Williams v. U.S. Dept. of Housing & Urban Dev., 04 CV 3488(NGG)(RLM)($150); Williams v. NYCHA, 05 CV 428 (NGG)(LB)($150); Williams v. NYCHA, 05 CV 539(NGG)(LB)($150); Williams v. Hugh O'Kane Elec. Co., 05 CV 2946(NGG)(LB)($250); Williams v. NYCHA, 06 CV 5473(NGG)(LB)($350); Williams v. NYCHA, 07 CV 385(ILG)(SMG)($350); Williams v. U.S. Dept. of Housing & Urban Dev., 08 CV 2161(NGG)(LB)($350); Williams v. NYCHA, 08 CV 2802(NGG)(LB)($350); Williams v. NYCHA, 08 CV 2803(NGG)(LB)($350); Williams v. U.S. Dept. of Housing & Urban Dev., 08 CV 2804(NGG)(LB)($350).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 22, 2009
Brooklyn, New York